# EXHIBIT A

## NATIONAL REGISTERED AGENTS, INC. OF NV
### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  Carolyn Witt
SWIFT TRANSPORTATION SERVICES, LLC
2200 S 75th Ave
Phoenix, AZ 85043-7410

SOP Transmittal #  **531200365**

800-592-9023 - Telephone

Entity Served:  SWIFT TRANSPORTATION CO., LLC  (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. of NV or its Affiliate in the State of NEVADA on this 09 day of May, 2017. The following is a summary of the document(s) received:

1.   **Title of Action:**  LYNN ELYSE TRELL, etc., Pltf. vs. STEPHEN F. MCCUNE, etc., et al., Dfts. // To: SWIFT TRANSPORTATION CO., LLC

2.   **Document(s) Served:**   Other: Summons, Cover Sheet, Complaint

3.   **Court of Jurisdiction/Case Number:** Clark County District Court, NV
Case # A17754803C

4.   **Amount Claimed, if any:**  N/A

5.   **Method of Service:**

   _X_ Personally served by:    _X_ Process Server      ___ Law Enforcement      ___ Deputy Sheriff      ___ U S Marshall

   ___ Delivered Via:      ___ Certified Mail      ___ Regular Mail      ___ Facsimile

   ___ Other (Explain):

6.   **Date and Time of Receipt:**   05/09/2017 09:00:00 AM CST

7.   **Appearance/Answer Date:**  Within 20 days after service, exclusive of the day of service

8.   **Received From:**    JASON R. MAIER          9.  **Carrier Airbill #**
MAIER GUTIERREZ & ASSOCIATES
8816 Spanish Ridge Avenue
Las Vegas, NV 89148          10.  **Call Made to:** Not required
702-629-7900

11.     **Special Comments:**
NRAI has retained the current log, Retain Date: 05/10/2017, Expected Purge Date: 06/09/2017

Image SOP

Email Notification, Carolyn Witt  carolyn_witt@swifttrans.com

Email Notification, Anne Rowell  Anne_Rowell@swifttrans.com

**NATIONAL REGISTERED AGENTS, INC. OF NV**          **CopiesTo:**

Transmitted by  Amy McLaren

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. of NV for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

SUMM
JASON R. MAIER, ESQ.
Nevada Bar No. 8557
JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
MAIER GUTIERREZ & ASSOCIATES
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Telephone: (702) 629-7900
Facsimile:  (702) 629-7925
E-mail:   jrm@mgalaw.com
              jag@mgalaw.com

*Attorneys for Plaintiff Lynn Elyse Trell*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| LYNN ELYSE TRELL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>STEPHEN F. MCCUNE, an individual; SWIFT TRANSPORTATION CO., LLC, a foreign limited-liability company; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.:  A-17-754803-C<br>Dept. No.: XXVIII<br><br>**SUMMONS - CIVIL** |

   **NOTICE! YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.  READ THE INFORMATION BELOW.**

                           SWIFT TRANSPORATION CO., LLC

   A civil complaint has been filed by the Plaintiff against you for the relief set forth in the complaint.

   1.      If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

               (a)     File with the Clerk of the Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

1    (b)    Serve a copy of your response upon the attorney whose name and address is

2    shown below.

3    2.    Unless you respond, your default will be entered upon application of the Plaintiffs and

4    failure to so respond will result in a judgment of default against you for the relief demanded in the

5    complaint, which could result in the taking of money or property or other relief requested in the

6    complaint.

7    3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly

8    so that your response may be filed on time.

9    4.    The State of Nevada, its political subdivisions, agencies, officers, employees, board

10    members, commission members and legislators each have 45 days after service of this Summons

11    within which to file and Answer or other responsive pleading to the complaint.

12

13                                    CLERK OF THE COURT

                                      KADIRA SECKOM

14                                    _____
                                      Deputy Clerk                    eDate

15                                    Regional Justice Court
                                      200 Lewis Avenue
16                                    Las Vegas, Nevada 89155

17

18    Respectfully submitted,

19    MAIER GUTIERREZ & ASSOCIATES

20

21    JASON R. MAIER, ESQ.
      Nevada Bar No. 8557
22    JOSEPH A. GUTIERREZ, ESQ.
      Nevada Bar No. 9046
23    8816 Spanish Ridge Avenue
      Las Vegas, Nevada 89148
24    *Attorneys for Plaintiff Lynn Elyse Trell*

25

26

27

28

                                         2

# DISTRICT COURT CIVIL COVER SHEET

Clark _____ County, Nevada

Case No. _____
*(Assigned by Clerk's Office)*

A-17-754803-C
XXVIII

## I. Party Information *(provide both home and mailing addresses if different)*

| | |
|---|---|
| **Plaintiff(s) (name/address/phone):** | **Defendant(s) (name/address/phone):** |
| LYNN ELYSE TRELL, an individual, | PSTEPHEN F. MCCUNE, an individual; SWIFT TRANSPORTATION CO., LLC, a foreign limited-liability company; DOES I through X; and ROE CORPORATIONS I through X, inclusive. |
| **Attorney (name/address/phone):** | **Attorney (name/address/phone):** |
| Jason R. Maier, Esq., Joseph A. Gutierrez, Esq., Maier Gutierrez Ayon | |
| 8816 Spanish Ridge Avenue, Las Vegas, Nevada 89148 | |
| (702) 629-7900 | |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

**Civil Case Filing Types**

| Real Property | Torts | |
|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** |
| ☐ Unlawful Detainer | ☒ Auto | ☐ Product Liability |
| ☐ Other Landlord/Tenant | ☐ Premises Liability | ☐ Intentional Misconduct |
| **Title to Property** | ☐ Other Negligence | ☐ Employment Tort |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort |
| **Other Real Property** | ☐ Legal | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | |
| ☐ Other Real Property | ☐ Other Malpractice | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing |
|---|---|---|
| **Civil Writ** | | **Other Civil Filing** |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment |
| ☐ Writ of Quo Warrant | | ☐ Other Civil Matters |

*Business Court filings should be filed using the Business Court civil coversheet.*

May 1, 2017
_____
Date

_____
Signature of initiating party or representative

*See other side for family-related case filings.*

Electronically Filed
05/01/2017 03:01:48 PM

CLERK OF THE COURT

1   COMJD
    JASON R. MAIER, ESQ.
2   Nevada Bar No. 8557
    JOSEPH A. GUTIERREZ, ESQ.
3   Nevada Bar No. 9046
    MAIER GUTIERREZ & ASSOCIATES
4   8816 Spanish Ridge Avenue
    Las Vegas, Nevada 89148
5   Telephone: (702) 629-7900
    Facsimile:  (702) 629-7925
6   E-mail:   jrm@mgalaw.com
              jag@mgalaw.com
7
    *Attorneys for Plaintiff Lynn Elyse Trell*
8

9                        DISTRICT COURT

10                   CLARK COUNTY, NEVADA

11

12  LYNN ELYSE TRELL, an individual,        Case No.:  A-17-754803-C
                                            Dept. No.:  XXVIII
13                  Plaintiff,
                                            COMPLAINT
14  vs.
                                            DEMAND FOR JURY TRIAL
15  STEPHEN F. MCCUNE, an individual; SWIFT
    TRANSPORTATION CO., LLC, a foreign      Arbitration Exemption:
16  limited-liability company; DOES I through X;    1.  Damages In Excess of $50,000
    and ROE CORPORATIONS I through X,
17  inclusive,

18                  Defendants.

19

20          Plaintiff LYNN ELYSE TRELL, by and through her attorneys of record, the law firm MAIER

21  GUTIERREZ & ASSOCIATES, hereby demands a trial by jury and complains and alleges against

22  defendants as follows:

23                        **GENERAL ALLEGATIONS**

24          1.      Plaintiff LYNN ELYSE TRELL is, and at all times pertinent hereto was, a resident of

25  Clark County, Nevada.

26          2.      Upon information and belief, defendant STEPHEN F. MCCUNE is, and at all times

27  pertinent hereto was, a resident of Tulare County, California.

28          3.      Upon information and belief, defendant SWIFT TRANSPORTATION CO., LLC, is,

                                            1

1    and at all times pertinent hereto was, a foreign limited-liability company licensed to conduct business

2    in Clark County, Nevada.

3         4.     The true names and capacities, whether individual, corporate, associate, partnership or

4    otherwise, of the defendants herein designated as DOES I through X and ROE CORPORATIONS I

5    through X, inclusive, are unknown to plaintiff, who therefore sues said defendants by such fictitious

6    names. Plaintiff will seek leave of the Court to insert the true names and capacities of such defendants

7    when the same have been ascertained and will further seek leave to join said defendants in these

8    proceedings.

9         5.     That all times pertinent hereto, defendants were agents, servants, employees or joint

10   ventures of every other defendant herein, and at all times mentioned herein were acting within in the

11   scope and course of said agency, employment, or joint venture, with knowledge and permission and

12   consent of all other named defendants.

13        6.     Plaintiff LYNN ELYSE TRELL is, and at all times mentioned herein was, the owner

14   and operator of a 2015 Acura TLX.

15        7.     Defendant SWIFT TRANSPORATION CO., LLC, is, and at all times mentioned

16   herein was, the owner of a 2015 Semi Freightliner Tractor.

17        8.     Defendant STEPHEN F. MCCUNE was acting in the course and scope of his

18   employment with SWIFT TRANSPORATION CO., LLC, at the time of the collision when he was

19   operating the 2015 Semi Freightliner Tractor.

20        9.     On or about July 31, 2015 in Clark County, Nevada, defendant STEPHEN F.

21   MCCUNE failed to use due care on the roadway, and struck the vehicle of plaintiff LYNN ELYSE

22   TRELL.

23        10.    As a direct and proximate result of the negligence of defendants, and each of them,

24   plaintiff sustained personal injuries, all or some of which conditions may be permanent and disabling,

25   and all to plaintiff's damage in a sum in excess of $15,000.00.

26        11.    As a direct and proximate result of the negligence of defendants, and each of them,

27   plaintiff received medical and other treatment for the aforementioned injuries, and that said services,

28   care, and treatment is continuing and shall continue in the future, all to the damage of plaintiff.

2

12.    As a direct and proximate result of the negligence of defendants, and each of them, plaintiff has been required to, and has limited occupational and recreational activities, which have caused and shall continue to cause plaintiff loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

13.    As a direct and proximate result of the aforementioned negligence of defendants, and each of them, plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## FIRST CLAIM FOR RELIEF

### (NEGLIGENCE)

14.    Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein, and incorporate the same herein by reference.

15.    Defendants, and each of them, owed a duty of care to plaintiff to operate a vehicle in a reasonable and safe manner.

16.    Defendants, and each of them, breached that duty of care by striking plaintiff's vehicle on the roadway.

17.    As a direct and proximate result of the negligence of defendants, and each of them, plaintiff sustained personal injuries, all or some of which conditions may be permanent and disabling, and all to plaintiff's damage in a sum in excess of $15,000.00.

18.    As a direct and proximate result of the negligence of defendants, and each of them, plaintiff received medical and other treatment for the aforementioned injuries, and that said services, care, and treatment is continuing and shall continue in the future, all to the damage of plaintiff.

19.    As a direct and proximate result of the negligence of defendants, plaintiff has incurred property damage to her vehicle and damages for loss of use.

20.    As a direct and proximate result of the negligence of defendants, and each of them, plaintiff has been required to, and has limited occupational and recreational activities, which have caused and shall continue to cause plaintiff loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

21.    As a direct and proximate result of the aforementioned negligence of defendants, and

3

1   each of them, plaintiff has been required to engage the services of an attorney, incurring attorney's

2   fees and costs to bring this action.

3   ### SECOND CLAIM FOR RELIEF

4   **(Negligent Training and Supervision)**

5   22.    Plaintiff incorporates by reference each and every allegation previously made in this

6   Complaint, as if here fully set forth.

7   23.    Defendants, and each of them, owed a duty of care to plaintiff to operate a vehicle in a

8   reasonable and safe manner.

9   24.    Defendant SWIFT TRANSPORATION CO., LLC, breached that duty by hiring an

10  employee(s) even though it knew, or should have known, of that employee's dangerous propensities

11  and propensity not to follow basic instructions or directions.

12  25.    In the alternative, defendant SWIFT TRANSPORATION CO., LLC, breached its duty

13  by failing to properly supervise and train that/those employee(s).

14  26.    The breach of defendant SWIFT TRANSPORATION CO., LLC, was the legal cause

15  of plaintiff's injuries.

16  27.    As a direct and proximate result of the negligence of defendants, and each of them,

17  plaintiff sustained personal injuries, all or some of which conditions may be permanent and disabling,

18  and all to plaintiff's damage in a sum in excess of $15,000.00.

19  28.    As a direct and proximate result of the negligence of defendants, and each of them,

20  plaintiff has been required to, and has limited occupational and recreational activities, which have

21  caused and shall continue to cause plaintiff loss of earning capacity, lost wages, physical impairment,

22  mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

23  29.    As a further direct and proximate result, plaintiff incurred expenses for medical care

24  and treatment and will incur expenses for medical care and treatment in the future in an amount to be

25  proven at trial.

26  30.    That plaintiff has been required to engage the services of an attorney, incurring

27  attorney's fees and costs to bring this action.

28  ///

4

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

1.    For a judgment in favor of plaintiff and against defendants, and each of them, on the complaint and all claims for relief asserted therein;

2.    For an award of general and special damages in an amount in excess of $15,000.00, to be proven at trial;

3.    For an award of reasonable attorney's fees and costs incurred in this action; and

4.    For such other and further relief as the Court may deem proper.

DATED this 1st day of May, 2017.

Respectfully submitted,

MAIER GUTIERREZ & ASSOCIATES

_/s/ Jason R. Maier_
JASON R. MAIER, ESQ.
Nevada Bar No. 8557
JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
_Attorneys for Plaintiff Lynn Elyse Trell_

5