# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LYNN ELYSE TRELL, | Case No. 2:17-cv-01401-RFB-GWF |
| Plaintiff, | |
| vs. | **ORDER** |
| STEPHEN F. MCCUNE, *et al.*, | |
| Defendants. | |

This matter is before the Court on Defendants' Motion for Leave to Amend Their Answer (ECF No. 12), filed on July 21, 2017. Plaintiff filed her Response (ECF No. 14) on August 3, 2017 and Defendants filed their Reply (ECF No. 15) on August 4, 2017. The Court concludes that this motion may can be decided without oral argument, and therefore vacates the hearing and issues its decision on the motion.

## BACKGROUND AND DISCUSSION

Plaintiff was allegedly injured in a motor vehicle accident on July 31, 2015 when her automobile was struck from the rear by a Semi Freightliner Tractor owned by Defendant Swift Transportation Co., LLC and operated by Defendant Stephen F. McCune. *See Petition for Removal* (ECF No. 1), *Exhibit A* ("Complaint"), ¶¶ 6-9. Plaintiff alleges that Defendant McCune was acting in the course and scope of his employment by Swift at the time of the collision. *Id.* at ¶ 8. In its initial answer, filed on June 16, 2017, Defendants admitted that Defendant McCune was an employee of Swift and was within the course and scope of his employment at the time of the accident. *Answer* (ECF No. 6), ¶¶ 5, 8. Defendants now wish to amend their answer to state in answer to paragraph 8 of the complaint:

. . .

> Defendants admit that at the time of the July 31, 2015 motor vehicle accident [Mr.] McCune was an independent contractor under exclusive lease to Swift Transportation Co. of Arizona, LLC. The remaining allegations contained in this paragraph are denied.

*Motion to Amend* (ECF No. 12), *Exhibit A, Proposed Amended Answer.*

Defendant also seek to amend their answer to paragraph 16 of the complaint to state:

> Defendants admit that Mr. McCune breached a duty of care by striking plaintiff's vehicle on the roadway. Because Mr. McCune was an independent contractor under exclusive lease to Swift Transportation Co. of Arizona, LLC, it is liable to the same extent as Mr. McCune. The remaining allegations contained in this paragraph are denied.

*Id.*

Plaintiff does not oppose this proposed amendment to Defendants' answer, but wants it to be subject to the condition "that the liability stipulation may not be used by the parties to limit discovery that the parties would otherwise be entitled to conduct in this action." *Response* (ECF No. 14), pgs. 2-3. The Court declines to adopt the requested condition. Fed.R.Civ.Pro. 26(b) states that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. It is not clear what particular concern Plaintiff has regarding how discovery may be affected by the proposed amendment. Such concerns, however, should be resolved in accordance with Rule 26(b) and in light of how particular discovery requests relate to the claims and defenses in this action. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Leave to Amend Their Answer (ECF No. 12) is **granted**.

**IT IS FURTHER ORDERED** that the hearing set in this matter for August 29, 2017 is **vacated.**

DATED this 21st day of August. 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge