BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No. 002297
MICHAEL HOTTMAN, ESQ.
Nevada Bar No. 008501
JACQUELYN M. FRANCO, ESQ.
Nevada Bar No. 13484
**STEPHENSON & DICKINSON, P.C.**
2820 West Charleston Boulevard, Suite B-19
Las Vegas, Nevada 89102
Telephone: (702) 474-7229
Facsimile: (702) 474-7237
email: admin@sdlawoffice.net

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LYNN ELYSE TRELL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>STEPHEN F. MCCUNE, an individual; SWIFT TRANSPORTATION CO., LLC, a foreign limited-liability company; DOES I through X; and ROE CORPORATIONS I though X, inclusive,<br><br>Defendants. | CASE NO.: 2:17-cv-01401-RFB-GWF<br><br>**STIPULATION FOR ENTRY OF CONFIDENTIALITY PROTECTIVE ORDER** |

Pursuant to FRCP 26(c)(1), it is hereby stipulated and agreed by the undersigned counsel for each of the parties to this action that, in order to preserve and maintain the confidentiality of certain documents that contain proprietary, trade secret and confidential information and/or other documents or information which may otherwise be sensitive, and which will be obtained from Swift

Transportation Co. of Arizona, LLC (hereinafter "Swift Transportation") and related Swift Transportation entities, the following Confidentiality Protective Order shall be entered by the Court.

Dated: September 1, 2017                MAIER GUTIERREZ & ASSOCIATES

/s/ Jason R. Maier
By:_____
Jason R. Maier, Esq.
Nevada Bar No. 8557
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
T: 702-629-7900
F: 702-629-7925
jrm@mgalaw.com
*Attorneys for Plaintiff*

Dated: September 1, 2017                STEPHENSON & DICKINSON

/s/ Bruce Scott Dickinson
By:_____
Bruce Scott Dickinson, Esq.
Nevada Bar No. 2297
Michael Hottman, Esq.
Nevada Bar No. 8501
Jacquelyn M. Franco, Esq.
Nevada Bar No. 13484
2820 West Charleston Blvd., Suite B-19
Las Vegas, NV 89102
P: (702) 474-7229
F: (702) 474-7237
admin@sdlawoffice.net
*Attorneys for Defendants*

## CONFIDENTIALITY PROTECTIVE ORDER

Pursuant to the foregoing stipulation of the parties, it is hereby ordered as follows:

1. Documents and information to be provided by Swift Transportation, that are claimed to contain confidential information, including copies thereof and information contained in such material, shall hereafter be referred to as "Protected Documents" and marked as "Confidential - Subject to Protective Order," or similar language in accordance with the provisions of this Order shall only be used, shown or disclosed as provided in this Order.

2. A list identifying Protected Documents will be provided to Plaintiff and updated as necessary. The list itself will be considered a Protected Document.

3. As used in this Order, the term "documents" means all written material, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise).

3. To preserve the formatting/presentation of certain data, certain documents will be produced in their native format. These documents, produced in native format, will not be individually stamped or labeled. Instead, the CDs containing the document will be labeled with the confidential designation. Any person who copies the CDs or prints any of the documents stored on the CDs must stamp or label the copies or prints with a Protected Documents designation.

4. The designated Protected Documents and copies shall be marked by placing the notice "Confidential – Subject to Protective Order," or similar notice, on the document and all copies.

5. Protected Documents and any copies thereof received pursuant to this Order shall be maintained confidential, shall be used only for preparation for the trial and prosecution of this lawsuit, and maybe disclosed only to (a) Plaintiff; (b) Attorneys for Plaintiff and their paralegal and clerical staffs, and (c) Experts and consultants retained or individuals consulted by Plaintiff or their attorneys for assistance in trial preparation or for testimony ("Recipients"), provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Swift Transportation and related Swift Transportation entities.

6. Pursuant to Federal Rule of Evidence 502(d), in the event of disclosure (including production) of Protected Documents that contain legally privileged information that a party or non-party later claims was inadvertently disclosed, including, but not limited to, the attorney-client privilege or work product doctrine, this agreement shall not constitute a waiver of the protections afforded the inadvertent disclosure of the privileged information, pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(e). The Receiving Party hereby agrees to return, sequester, or destroy any privileged information disclosed or produced by the Producing Party

upon request. If the Receiving Party reasonably believes that privileged information has been inadvertently disclosed or produced to it, it shall promptly notify the Producing Party and sequester such information until instructions as to disposition are received. The failure of any party to provide notice or instructions under this Paragraph shall not constitute a waiver of, or estoppel to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Producing Party would be entitled in the litigation or any other federal or state proceeding. This provision is designed to foreclose any arguments that this agreement, or the disclosure of Protected Documents under it, waives a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege because the disclosure:

(a) was not inadvertent by the Producing Party;
(b) that the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;
(c) that the Producing Party did not take reasonable or timely steps to rectify such Disclosure; and/or
(d) that such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

7.   Disclosure shall be made to Recipients only as necessary for the prosecution of the lawsuit and only after the Recipient has been informed of the terms of this Order and has agreed to be bound by it. Before Protected Documents are disclosed to anyone, the intended Recipient shall be first presented with a copy of this Order, and after reading it and agreeing to be bound by its terms, sign the attached form of "Written Assurance," attached as Exhibit A (hereinafter "Assurance"). Assurances signed by experts shall be provided to counsel for Swift Transportation, when experts are disclosed. Assurances signed by consultants, whether or not they are retained by the Plaintiff, shall be retained by Plaintiff's counsel for as long as they retain their file after termination of the case. Protected Documents shall not be disclosed to any person or in any manner not specified in this Order. Further, Protected Documents shall not be used for any purpose other than the prosecution of this lawsuit.

8. Persons having knowledge of Confidential Material and information by virtue of their participation in the conduct of this litigation shall use them for that purpose only and only as permitted herein, and shall not disclose such Confidential Material, their contents or any portion or summary thereof to any person(s) not involved in the conduct of this litigation. If any person having access to the Confidential Material herein shall violate this Order, he/she may be subject to sanctions by the Court.

9. If any party wishes to file Protected Documents with the Court for any reason that party shall comply with FRCP 26(c) and file redacted copies of the documents as necessary. The party wishing to file Protected Documents must provide Swift Transportation's counsel with written notice that the records and other documents lodged will be placed in the public Court file unless Swift Transportation filed a timely motion or application to seal the records under FRCP 26(c)(1)(H). Within ten (10) days of this notification, Swift Transportation may file a motion or application for an Order sealing the Protected Documents. Pending determination of the motion or application, the lodge document(s) will be conditionally under seal. Until such time as the Court issues an Order sealing the Protected Documents, the original party seeking to use the documents may only refer the Court to the redacted version of the documents. Upon granting of an Order sealing the record, the document(s) will be sealed and labeled by the Court clerk according to FRCP 26(c)(1)(H).

10. Protected Documents may be referred to by a party in notices, motions, briefs or any other pleadings, may be used in depositions, and may be marked as deposition exhibits in this action. No such documents or information shall be used, however, for any of these purposes unless it, or the portion where it is revealed, is appropriately marked and protected from dissemination and, where filing is necessary, separately filed under seal with the Court pursuant to the provisions of paragraph 9, above.

11. If, at the time of trial, a party intends to introduce into evidence any Protected Documents, it shall, pursuant to FRCP 26(c)(1)(H), lodge the documents with the Court, file redacted copies of the documents and provide Swift Transportation's counsel with written notice. Counsel for Swift Transportation shall then have the burden to obtain a ruling regarding sealing of the records

under FRCP 26. Until a determination is made by the Court, the documents shall be lodged with the Court conditionally under seal. In any event, a party intending to introduce Protected Documents must allow 20 days to address the issues of preserving confidentiality with the Court.

12. Recipients of Protected Documents are, either by virtue of direct application of the Order or by virtue of the execution of the Assurance referred to in paragraph 7 above, bound by the terms and restrictions of this Order and are subject to the jurisdiction of this Court for the purpose of enforcing the terms of this Order.

13. If a party wishes to modify this Order or its application to certain documents or information, he shall first request such modification from all parties' counsel, and if no satisfactory agreement is reached, may petition the Court for modification. Until modification is granted by agreement or Order, terms of this Order will govern. In the event the Plaintiff petitions the Court to modify this Order to certain documents or information, it shall be Swift Transportation's burden to demonstrate to the Court that the documents it designates should remain protected.

14. This Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

15. This Order shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. Within 30 days of termination of this lawsuit, by judgment, settlement or voluntary dismissal, and upon request of Swift Transportation or its counsel, the Plaintiff's counsel, and any recipients of Protected Documents, shall return to Swift Transportation's counsel all such documents received under this Order; however, counsel for the Plaintiff may keep an index of the documents for as long as they retain their file after termination of the case. If copies of the Protected Documents or summaries containing substantive confidential information are made, same will be returned to Swift Transportation's counsel or the recipient making said copy and/or summary will affirm that said copy and/or summary has been destroyed sufficient so same is not readily accessible; which includes but is not limited to Protected Documents stored in an electronic media. Additionally, recipients shall return the Protected Documents with a signed "Confirmation of Return of Protected Documents," attached as Exhibit B ("Confirmation"). The Confirmation shall be affirmed by the recipient. The Confirmation shall also be signed by counsel for the Plaintiff

acknowledging that all documents provided by said counsel to the Recipient have been returned to counsel for Swift Transportation in accordance with this Paragraph. However, any information designated in accordance with this Order that becomes part of a record on appeal shall be returned pursuant to this Paragraph after all appeals have been exhausted.

Notwithstanding any of the foregoing, or anything in this Protective Order to the contrary, the provisions set forth in this Paragraph do not apply to court filing or pleadings, briefs, or correspondence maintained by counsel in the ordinary course of business.

Further, nothing in this Protective Order shall have any impact on counsel's requirement and/or obligation to preserve client files to the extent required by the Nevada Rules of Professional Conduct or otherwise under Nevada law. Nor shall anyone subject to this Protective Order have an obligation to attempt to destroy electronically stored data, backup files, cached versions, and/or data on back up versions of computer hard drives.

16. Counsel shall undertake reasonable steps necessary to preserve the confidentiality of such documents and information, including but not limited to: (1) monitoring the release of Protected Documents to Recipients; (2) Obtaining the Assurances described in paragraph 7 above; and the confirmation described in paragraph 15, above; and (3) Providing the Assurances and confirmations to counsel for Swift Transportation in accordance with paragraphs 7 and 15, respectively, above.

17. If any person receiving documents covered by this Order is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was produced or designated as a Protected Documents, or requests information contained in a Protected Document, the Receiving Party shall promptly object to producing the Protected Documents on the grounds of the existence of this Protective Order; and give prompt written notice by hand or facsimile transmission within five (5) business days of receipt of such Demand to the party or non-party who produced the Protected Documents. The burden of opposing the enforcement of the Demand shall fall upon the party or non-party who produced or designated the material as Confidential Material.

Unless the party or non-party who produced or designated the Confidential Material obtains an order directing that the Demand not be complied with, and serves such order upon the Receiving Party prior to production pursuant to the Demand, the Receiving Party shall be permitted to produce documents responsive to the Demand on the Demand response date, provided sufficient notice of the Demand was provided. Compliance by the Receiving Party with any order directing production pursuant to the Demand of any Confidential Material shall not constitute a violation of this Order. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

18. In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Material until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

19. The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document herein, or oppose the production or admissibility of any information or documents which have been requested.

**ORDER**

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: September 5, 2017

# EXHIBIT A

## WRITTEN ASSURANCE

STATE OF _____

COUNTY OF _____

I, _____, hereby attest to my understanding that information or documents designated confidential are provided to me pursuant to the terms and conditions and restrictions of the Confidentiality Protective Order, in *Trell v. Swift Transportation, et al.*, Case No. 2:17-cv-01401-RFB-GWF. I have been given and read both Stipulation for Entry of Confidentiality Protective Order; Protective Order ("Protective Order") itself; and I understand their terms. I agree that I shall not disclose to others, except in accordance with the Protective Order, such information or documents including notes or other memorandum or writings regarding information contained in them, and that such information or documents shall be used only for the purposes of the legal proceeding in which they are produced. I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of the legal proceeding. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including sanctions by way of contempt of Court, imposed by the court for such a failure. Further, I agree to subject myself to the jurisdiction of the United States District Court, District of Nevada, in and for any contempt proceeding or other appropriate sanctions as the Court may deem proper for a violation of the Court's Protective Order.

_____
Recipient

On _____ before me, _____ (insert name and title of the officer) personally appeared _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

_____
Notary Public

**EXHIBIT B**

**CONFIRMATION OF RECEIPT OF DESIGNATED DOCUMENTS AND INFORMATION**

STATE OF _____

COUNTY OF _____

    I, _____, agree as follows:

    1.    My full name and business address are:

_____

_____

_____

_____

    2.    I agreed to be bound by the terms and conditions of the Stipulation for Entry of Confidentiality Protective Order; Confidentiality Protective Order ("Protective Order") entered into by the parties in the matter of *Trell v. Swift Transportation, et al.*, Case No. 2:17-cv-01401-RFB-GWF. I acknowledged by consent to be so bound by executing a Written Assurance.

    3.    I acknowledge that I received documents or information designated as "Subject to Confidentiality Protective Order," "Subject to Protective Order," "Confidential," or substantially similar designation, for the sole purpose of assisting in the preparation for trial and/or testimony in the above-captioned lawsuit.

    4.    Pursuant to paragraph 13 of the Protective Order identified above, I acknowledge that I am obligated to return to counsel for Swift Transportation any and all documents or information designated as "Subject to Confidentiality Protective Order," "Subject to Protective Order," "Confidential," or substantially similar designation, along with any all copies, prints, summaries, and other reproductions of such documents or information, immediately upon termination of the above-captioned lawsuit.

///

///

5. Immediately upon being notified that this matter was terminated, I returned any and all documents or information along with all copies, prints, summaries and other reproductions of such documents or information to the person who provided them to me, subject to the exclusions as outlined in the Protective Order.

_____
Recipient

On _____ before me, _____ (insert name and title of the officer) personally appeared _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

_____
Notary Public

**ACKNOWLEDGEMENT OF COUNSEL**

I am an attorney licensed to practice in the State of _____. I hereby acknowledge receipt, from the declarant identified above, of all documents provided to said declarant by me or my office. Further, I hereby acknowledge delivering all documents received from the declarant to counsel for Swift Transportation immediately upon termination of the above-captioned lawsuit, as requested, in compliance with Paragraph 13 of the Stipulation for Entry of Confidentiality Protective Order and Protective Order between Swift Transportation and Plaintiff.

_____
Signature of Counsel